UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY JAY RUNION,<br><br>                    Petitioner,<br><br>     v.<br><br>SCOTT SPEER,<br><br>                    Respondent. | CASE NO. 2:25-cv-00446-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge S. Kate Vaughan, recommending that pro se Petitioner Stanley Jay Runion's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice for failure to prosecute. Dkt. No. 5. No objections have been filed.

      Mr. Runion is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Dkt. No. 1-1 at 1. On March 12, 2025, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging a 1989 judgment and sentence of the King County Superior Court. *Id.* at 1–2. Mr. Runion also submitted an application to proceed with this action in forma pauperis ("IFP"). Dkt. No. 1. However, he failed to provide a prison trust account statement

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

showing transactions for the six months immediately preceding the filing of this action as required by 28 U.S.C. § 1915(b). *See* Dkt. No. 1-11. The Clerk therefore sent Mr. Runion a letter advising him that his submission was deficient and that he would have to correct the deficiency not later than April 18, 2025, or face dismissal of this action. Dkt. No. 4 at 1. To date, Mr. Runion has not responded to the Clerk's deficiency letter.

On May 8, 2025, Judge Vaughan issued an R&R concluding that because Mr. Runion "has had ample time to correct the deficiency in his IFP application but has failed to do so," this action should be dismissed without prejudice for failure to prosecute. Dkt. No. 5 at 2.

The Court generally reviews findings and recommendations "if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Mr. Runion did not file any objections to the R&R. For the reasons provided by Judge Vaughan in her R&R, Dkt. No. 5, the Court agrees that Mr. Runion's failure to correct the deficiencies in his IFP application or otherwise respond to the Clerk's deficiency letter constitutes a failure to prosecute meriting dismissal of the action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court ORDERS as follows:

(1) The Court ADOPTS the R&R, Dkt. No. 5;

(2) This case is DISMISSED without prejudice;

(3) The Clerk is directed to send copies of this Order to Mr. Runion and to Judge Vaughan; and

(4) The Clerk is further directed to CLOSE this case.

Dated this 30th day of May, 2025.

*Lauren King*
Lauren King
United States District Judge